IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN VERA, | : | 1:11-cv-1883 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| ERIC HOLDER, *et al.*, | : | |
| | : | |
| Respondents. | : | |

# MEMORANDUM

## February 2, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 12), filed on January 13, 2012, which recommends that this petition for writ of habeas corpus be dismissed as moot because the Petitioner has been removed by immigration officials from the United States to Mexico on January 6, 2012. Petitioner has not filed objections to the R&R and the time to do so has lapsed.[1]  For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by January 30, 2012.

## I.     STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.    DISCUSSION

This case involves a habeas corpus petition filed on October 12, 2011 by Petitioner Juan Vera, a citizen and national of Mexico, who was then being held in immigration custody at the Pike County Prison pending deportation. In his *pro se* habeas corpus petition, Petitioner sought release from immigration custody pending

completion of the removal proceedings.  The matter was referred to Magistrate Judge Carlson for pre-trial management, however, upon receiving the case assignment, Magistrate Judge Carlson became immediately aware that all filings mailed to the Petitioner were being returned and refused by the prison.  Upon inquiring into the matter, the Magistrate Judge was informed that Petitioner had been removed by immigration officials to Mexico on January 6, 2012.

Based on the foregoing, Magistrate Judge Carlson correctly recommends that the instant habeas corpus petition is moot and should be dismissed.  *See Lindaastuty v. Attorney General*, 186 F. Appx. 294 (3d Cir. 2006)(deportation of an alien makes an immigration habeas corpus petition moot).  As we have already mentioned, the Plaintiff has not filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.